*White* and *Bayard* for plaintiff. *Miller* for defendant.

## GUYER, Surviving Partner of Sheward, v. R. and A. DAWES.

Supreme Court. New Castle. April, 1797.

*Bayard's Notebook, 188.*

Upon the trial of this cause several points were ruled by the Court.

First, the deposition of one James Wilder was offered in evidence on behalf of the defendant. It was objected to on several grounds, among others that the witness was interested in the question. *Rodney* would have shown that the objection went to the credit and not to the competency and referred to 1 Term 301, 3 Term 27. But the CHIEF JUSTICE would not allow the question to be argued, saying that it had before been settled in this Court. (*Anderson v. Bradly, infra.*)

Second. That defendants offered in evidence a separate account contained in their day book against James Sheward, deceased, formerly a partner of Guyer, which they insisted should be allowed as a discount in this action against the surviving partner. It was objected for the plaintiff that in a joint action for a joint demand a separate debt due from one of the plaintiffs could not be discounted. Discounts are not allowed where debts are due in different rights. That the debt due from Sheward could not be recovered from Guyer and Sheward, and surely not against Guyer as surviving partner.

PER CURIAM. The evidence is regular and must therefore be admitted, though perhaps some difference of opinion on the subject may be found in the books.

The account was accordingly read in evidence to the jury.[1]

Thirdly. The defendant was proceeding to prove the contents of an account, which the witness had seen stated in the handwriting of the surviving partner. But on the objection the Court said the witness might speak of the balance or result of the accounts but could not prove the details.

Fourthly. Defendant offered in evidence a book purporting to be a letter book containing copies of letters written to different

---

[1] At this point, *Bayard's Notebook, 188*, the account of this case is interrupted; it is resumed at *247*.

432

persons. It was objected by the plaintiff's counsel that the book offered was for the purpose of showing a copy of a letter, as was alleged, written by the defendants to the plaintiff in which they stated that there was a balance due from the plaintiffs to them on their accounts of £392.8.11. That this copy being contained in a book did not render the case different from what it would be if the copy was offered singly by itself. That no proof was offered that the letter was ever received; nor that it was ever sent; nor even that it was put into the Post Office; nor that an original ever existed of which it is a copy. The letter was offered because it stated a balance of account due the defendants. But the statement was merely the act of the parties, and if there was such a balance due them they should show the accounts, and upon inspecting the details errors might be shown. They strongly urged there was no principle of law which would warrant the admission of the book.

The Court overruled the objection, saying the letter book of a regular merchant was evidence. That in the law merchant the rules of evidence were not so strict as in ordinary cases.

The book was read, and one of the defendants on his affirmation allowed to give an account of it.

The plaintiff obtained a verdict for 6900 and odd dollars.

*Rodney* and *Bayard* for plaintiff. *Read* and *Miller* for defendant.